Argued and submitted March 30, affirmed October 27, 1999

In the Matter of the Marriage of

**Bill R. LEDFORD,**
*Petitioner,*
*and*

**S. Suzanne LEDFORD,**
*Respondent.*

(15-83-08189; CA A101106 (Control))

**State ex rel S. Suzanne LEDFORD,**
*Respondent,*

*v.*

**Bill R. LEDFORD,**
*Appellant.*

(CA A102347)
(Cases Consolidated)

988 P2d 411

Robert L. Ackerman argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

## HASELTON, J.

In this consolidated appeal, father seeks reversal of two judgments entered by the trial court. In his first assignment of error, father challenges the judgment in an action by mother for child support arrearages. ORS 25.330. Specifically, father asserts that the trial court erred in concluding that father was not entitled to an offset against future child support for past overpayment of support. In his second assignment of error, father challenges the trial court's judgment in a child support modification proceeding. Specifically, father asserts that the court erred in concluding that ORS 107.108[1] is "constitutional and not in violation of Article I, section 20 of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution." We affirm the trial court as to both judgments. We discuss only father's first assignment of error relating to the judgment for arrearages because we have previously rejected the constitutional challenges to ORS 107.108 that father raises in his second assignment. *See Crocker and Crocker*, 157 Or App 651, 971 P2d 469 (1998), *rev allowed* 328 Or 418 (1999).

The material facts are undisputed. The parties were divorced in 1983 with four children, Todd, Dana, Eric, and Alex. Father was ordered to pay child support of $100 per child per month, for a total monthly obligation of $400. In 1993, mother petitioned for a modification. At that time Todd was living independently, Eric was living with father, and Alex and Dana were living with mother. Child support was increased to $342.50 each for Alex and Dana, for a total of $685 per month. Eric was not included in the modification

---

[1] ORS 107.108 provides, in part:

"(1) [T]he court may enter an order against either parent, or both of them, to provide for the support or maintenance of a child attending school[.]

"* * * * *

"(8) As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and is a student regularly attending school, community college, college or university, or regularly attending a course of professional or technical training designed to fit the child for gainful employment. A child enrolled in an educational course load of less than one-half that determined by the educational facility to constitute 'full-time' enrollment is not a 'child attending school.' "

because he was living with father. In 1995, Dana turned 21, and father was no longer required to pay child support for her. However, at about the same time that Dana turned 21, Eric began living with mother. Father continued to pay $685 per month for almost two years, until June 1997, when he stopped making payments altogether.

On October 8, 1997, the Lane County District Attorney filed a "Notice of Child Support Arrearage," supported by mother's "Affidavit of Arrearages." ORS 25.330. The affidavit and attached schedule of payments asserted that father was in arrears for the period of June and July 1997, when he made no payments, and August 1997, when he paid $342.50. Thus, the total arrearages alleged as due and owing for that period were $1,712.50.[2] Father timely filed objections, asserting:

"1.   The only child support payable is for Alex. He has resided with [mother] since the divorce. The monthly amount is $342.50 per month.

"2.   No child support is payable for Eric because no court order exists in favor of [mother] for this child.

"3.   If child support is payable for Eric because he is a child attending school, any order based upon ORS 107.108 is unconstitutional as a denial of equal protection under the 14th Amendment of the United States Constitution and Article I, § 20 of the Oregon Constitution.

"4.   No support is payable for Dana because she graduated from the University of Oregon in June, 1996, and she is emancipated.

"5.   [Father] is entitled to credit for support payments paid but not entered on the support ledger."

On November 5, 1997, in a separate administrative proceeding initiated by the district attorney, *see* ORS 25.287; ORS 416.427, an administrative law judge modified the existing child support order to require father to pay $1,039 per month, beginning August 10, 1997, for the support of two of the parties' four children, Alex and Eric. As discussed

---

[2] It appears that mother's calculations were based on the assumption that father's monthly obligation remained at $685 ($342.50 each for the two children living with her, Alex and Eric).

below, father did not file a petition for circuit court review of the November 5, 1997, administrative order until after the circuit court hearing on mother's claim for child support arrearages.

On December 8, 1997, the trial court held the hearing, pursuant to ORS 25.330(2)(f), on mother's claim for arrearages. At that time father argued that, because the support amount for Eric had not been modified in 1993, he had been paying $242.50 more than he was required to pay for Eric's support, and thus, he was "not in arrears" but was instead "entitled to a credit towards his future [child support] obligation." At the conclusion of that hearing, the court took the arrearage arguments under advisement.

On December 19, 1997, father filed his Petition for Review of the November 5, 1997, administrative order modifying his child support obligation to $1,039. In his petition, father challenged the administrative order on two grounds: (1) "that portion of the order which required [him] to pay child support for Eric * * * while he is attending school is unconstitutional as a denial of equal protection" under the state and federal constitutions; and (2) "Eric * * * was not a child attending school in August 1997, therefore, child support which was ordered for that month is in error." Father did *not* assert, in the context of the modification matter, that his future support obligation should be adjusted to offset alleged past overpayments of support.

On December 30, 1997, the court issued a comprehensive letter opinion on the arrearages matter.[3] The court determined that: (1) father remained obligated under the 1993 modification decree for $342.50 per month for Alex; (2) father remained obligated under the original 1983 judgment to provide support of $100 per month for Eric while he lived with mother; and (3) father was no longer obligated to pay support for Dana because she was emancipated. Consequently, the court determined that father's "obligation to [mother] was $442.50 per month, $342.50 for Alex [under the

---

[3] The court addressed each of father's objections except the third relating to the constitutionality of ORS 107.108. Father did not present argument on that objection at the arrearages hearing or in his written memorandum in support of his objections.

1993 judgment] and $100 for Eric [under the 1983 judgment]." The court calculated that father had overpaid his support obligation by approximately $6,000; however, it concluded that, "in the absence of any clear legislative or judicial authority," it would be "inappropriate and inequitable" to grant father an offset against his future support obligation for past overpayments. On February 2, 1998, the court entered judgment in the arrearages matter, determining that father owed $885 in unpaid support.

On May 19, 1998, the court entered its judgment in the modification proceeding. That judgment, which rejected father's arguments that ORS 107.108 is unconstitutional, affirmed the administrative order modifying support.

■ On appeal, father assigns error to the trial court's conclusion that he was not entitled to offset his alleged past overpayment of child support against his future support obligation. As noted, father raised his "past overpayment/future offset" argument *solely* in the context of the arrearage claim. We agree with the trial court that it lacked authority, in that context, to allow father a reduction of his future support obligation.

■ ORS 25.330 establishes the framework for determining child support arrearages and the scope of the trial court's authority in those actions:

> "This section establishes procedures for determining the amount of arrearages and for making a record of arrearages of support payments. All of the following apply to this section:
>
> "* * * * *
>
> "(2)(f) If objections are filed within the time allowed, the district attorney or the Support Enforcement Division shall cause the case to be set for a court hearing. At the hearing, the court *shall consider the correctness of the certificate* [of the amount in arrears] *but shall not consider objections to the merits of the support order or decree*." (Emphasis added.)

The statute is explicit: In an action for arrearages, the court's authority is limited to consideration of the amount of *arrearages*. The court has no authority to determine issues outside

that narrow confine, and it is expressly prohibited from considering objections going to the merits of a support judgment. Thus, the trial court correctly concluded that it lacked "any * * * authority" to determine issues pertaining to the amount of father's *future* support obligation.

Affirmed.